█ Rachel Bridge Corp., Respondent-Appellant, v Avi Dishi, Appellant-Respondent. [717 NYS2d 133] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 5, 1999, which, insofar as appealed from, denied both parties' motions for summary judgment declaring whether or not defendant tenant is currently obligated to pay rent to plaintiff landlord, unanimously affirmed, without costs.

Section 6 of the subject lease for commercial space provides, in pertinent part, that "[u]ntil lessor is able to deliver the entire premises vacant Lessee's rent obligations and building time shall not commence." The demised premises encompass two buildings each of which had leased space that was still occupied by others at the time the lease was signed, in one, another commercial tenant against whom eviction proceedings were eventually unsuccessful, and in the other, a parking garage that was eventually entirely vacated and delivered to defendant. Both motions for summary judgment were properly denied because it is not clear whether the words "entire premises" apply to the entire demised premises, as defendant argues, or only to the entire parking garage, as plaintiff argues. Nor is plaintiff entitled to summary judgment on its cause of action for account stated, there being an issue of fact as to whether defendant orally objected to plaintiff's rent bills. Defendant's argument that plaintiff's failure to deliver the entire demised premises constitutes a partial eviction (see, Carnegie Hall v Zysman, 238 App Div 515) is unavailing. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Friedman, JJ.